J-S28021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
DONNA L. MELHORN : No. 671 MDA 2022

Appeal from the Judgment of Sentence Entered April 21, 2022
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0001137-2021

BEFORE: BOWES, J., OLSON, J., and KING, J.

JUDGMENT ORDER BY OLSON, J.: **FILED SEPTEMBER 08, 2025**

The Commonwealth appeals from the judgment of sentence imposed

following the guilty plea of Appellee, Donna L. Melhorn, to driving under the

influence ("DUI") – high rate of alcohol.[1]  We affirm.

This Court previously set forth the facts and procedural history of this

case as follows.

> On July 25, 2021, Appellee was arrested following a traffic stop,
> and she was subsequently charged with various DUI and
> summary motor vehicle offenses, as well as violations of the
> Controlled Substance, Drug, Device and Cosmetic Act.  The DUI
> offenses were charged as second offenses based upon
> Appellee's resolution of a prior DUI charge through the
> accelerated rehabilitative disposition ("ARD") process.  Appellee
> filed an omnibus pre-trial motion seeking to bar consideration
> of [her] earlier ARD as a prior offense at sentencing.
>
> ***

---

[1] 75 Pa.C.S.A. § 3802(b).

At a February 15, 2022 hearing, the trial court granted Appellee's motion to bar consideration of the prior ARD as a first offense for sentencing purposes. Appellee then entered a negotiated guilty plea to one count of DUI—high rate of alcohol as a first offense, ungraded misdemeanor on that date. On April 21, 2022, the trial court sentenced Appellee pursuant to the negotiated agreement to serve six months' probation, including seven days of house arrest, and pay a fine of $500[.00 The Commonwealth appealed].

*Commonwealth v. Melhorn*, 2023 WL 3303444, *1 (Pa. Super. 2023) (non-precedential decision) (internal citations omitted), *order vacated*, 2025 WL 1739503 (Pa. June 24, 2025).

On appeal, the Commonwealth argued that the trial court erred in sentencing Appellee as a first-time DUI offender. Ultimately, this Court agreed. ***See id.*** Appellee, therefore, filed a petition for allowance of appeal, seeking review in our Supreme Court. On June 24, 2025, our Supreme Court vacated our prior disposition in this matter and remanded this case back to us for reconsideration in light of ***Commonwealth v. Shifflett***, 335 A.3d 1158 (Pa. 2025). In ***Shifflett***, the Supreme Court held "that 75 Pa.C.S.A. § 3806(a) [was] facially unconstitutional to the extent it allows a previous acceptance of [ARD] to be used as the basis for an enhanced sentence under [75 Pa.C.S.A. § 3804.]" ***Shifflett***, 335 A.3d at 1178. We therefore conclude that, contrary to the Commonwealth's claim, the trial court did not err in sentencing Appellee as a first-time DUI offender. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 09/08/2025